IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO.: 5:12-CV-744-FL

| | |
|---|---|
| ESTELLE SINGLETARY, on behalf of N.M.M., a minor child, ) ) ) Plaintiff, ) ) v. ) ) CUMBERLAND COUNTY SCHOOLS, ) ) Defendant. ) | ORDER AND MEMORANDUM AND RECOMMENDATION |

This matter comes before the court on the following motions: (1) *Motion to Dismiss Complaint by Defendant Cumberland County Schools* [DE-5], (2) Plaintiff's *Motion to Amend Petition* [DE-12] and (3) Plaintiff's *Motion for Joinder* [DE-13]. All briefing is complete and the matters are ripe for disposition. The parties have not consented to the jurisdiction of the magistrate judge; therefore, Defendant's motion to dismiss is considered here as a recommendation to the District Court. *See* 28 U.S.C. § 636(b)(1)(B); *see also* Local Civil Rule 72.3(c). The remaining motions have been referred for disposition in accordance with 28 U.S.C. § 636(b)(1)(A). For the reasons set forth below, Plaintiff's motion to amend [DE-12] is granted in part and denied in part, Plaintiff's motion for joinder [DE-13] is denied without prejudice, and it is recommended that Defendant's motion to dismiss [DE-5] be denied as moot.

## BACKGROUND

On November 14, 2012, Plaintiff Estelle Singletary ("Plaintiff" or "Singletary"), proceeding *pro se* and on behalf of her minor daughter, N.M.M., filed a complaint in this court alleging violations of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq.*

Complaint ("Compl.") [DE-1]. Generally, Plaintiff alleges she was not provided an opportunity to participate in N.M.M.'s individualized education plans. Plaintiff alleges further that Defendant failed to provide N.M.M. with measurable goals or appropriate technology to assist her in class, contrary to the IDEA's guarantees. Plaintiff claims that she pursued her claims administratively, but that the administrative law judges ignored her evidence or were not knowledgeable in the law.

On December 6, 2012, in lieu of answering Plaintiff's complaint, Defendant Cumberland County Schools ("Defendant") filed a motion to dismiss Plaintiff's complaint on the grounds that the complaint failed to state a claim for which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(6), and that the court lacks jurisdiction over one of Plaintiff's claims and should be dismissed in accordance with Fed. R. Civ. P. 12(b)(1). [DE-6]. Plaintiff responded to Defendant's motion to dismiss. [DE-11].

On January 15, 2013, more than 21 days after service of Defendant's motion to dismiss, Plaintiff filed a motion to amend her complaint along with a proposed amended complaint. [DE-12, -12-1]; *see also* Fed. R. Civ. P. 6 & 15. Also on January 15, 2013, Plaintiff filed a motion to join claims. [DE-13]. In particular, pursuant to Fed. R. Civ. P. 18, Plaintiff seeks to join the claims in the present action with claims she has asserted in a separate matter before the North Carolina Office of Administrative Hearings. *Id.*

On February 1, 2013, Defendant responded in opposition to Plaintiff's motions. [DE-15]. Defendant argues that Plaintiff's motion to amend should be denied as futile and Plaintiff's original claims should be dismissed. *Id.* at 3. Plaintiff filed a reply on February 19, 2013.[1] [DE-16].

---

[1] Plaintiff's reply indicates she inadvertently omitted page 7 from her proposed amended complaint. [DE-16]. Plaintiff attached the omitted page 7 to her reply and the court considers it here, in conjunction with the existing pages filed with her proposed amended complaint, in evaluating Plaintiff's motion to amend. [DE-16-1].

2

## FACTUAL ALLEGATIONS[2]

At all relevant times, N.M.M. was a minor child with Schizencephaly and resulting spastic quadriplegic cerebral palsy. Compl. at 3-4; Plaintiff's Amended Complaint ("Pl.'s Am. Compl.") [DE-12-1] at 1-2. After N.M.M. turned three-years-old, school district staff met with Plaintiff to develop an Individualized Education Plan ("IEP") for N.M.M. Compl. at 3; Pl.'s Am. Compl. at 2. N.M.M.'s first IEP was developed on June 22, 2011. Compl. at 4; Pl.'s Am. Compl. at 2. Plaintiff attended this IEP meeting, but maintains she did not have an opportunity to participate or provide input on the "service delivery, LRE, placement, or goals" designated in the IEP. Compl. at 4-5; *see* Pl.'s Am. Compl. at 5. Plaintiff maintains that the decisions regarding the educational services and goals included in the IEP were "created before hand and forced upon [her]." Compl. at 5; *see* Pl.'s Am. Compl. at 5. Plaintiff was unsatisfied with the first IEP plan and filed a due process action against Cumberland County Schools on June 23, 2011. Compl. at 3; Pl.'s Am. Compl. at 2. Singletary claims that N.M.M. was denied placement initially. *Id.* A resolution meeting was held on June 29, 2011 whereby the parties reached agreement on N.M.M's IEP for the upcoming school year. *Id.* Plaintiff maintains the finalized IEP specified that N.M.M. would attend Cliffdale Elementary School in a developmentally delayed class, have one on one assistance from an aide in class, and receive increased therapy services. *Id.*

Subsequent IEP meetings were convened, which Plaintiff attended, including a meeting on

---

The pagination of the proposed amended complaint also indicates page 4 (paragraphs 19-26) is missing from the entirety of the document and has not been provided to the court by Plaintiff.

[2] The factual allegations contained in Plaintiff's original complaint [DE-1] and her proposed amended complaint [DE-12-1] are largely consistent with each other. Therefore, the court provides a general factual summary based on both documents.

3

March 23, 2012. Compl. at 3; Pl.'s Am. Compl. at 3. According to Plaintiff, N.M.M. was denied "the opportunity to be in a typical class," given technology below her developmental level, denied adequate services by therapists, and denied the use of an adaptive tricycle in her IEP. Compl. at 5-6; *see* Pl.'s Am. Compl. at 3. Plaintiff filed a second due process action on May 3, 2012. Compl. at 3; Pl.'s Am. Compl. at 3. A resolution meeting was held on May 10, 2012, with no resolution being reached between the parties. *Id.* A due process hearing was held before an Administrative Law Judge ("ALJ") on June 19-20, 2012. Compl. at 4; Pl.'s Am. Compl. at 3. According to Plaintiff, the ALJ failed to admit "critical evidence" and ignored the important evidence included in the record. Compl. at 6; Pl.'s Am. Compl. at 6. The ALJ issued a decision in favor of Cumberland County Schools. Compl. at 4-5; Pl.'s Am. Compl. at 4. Plaintiff appealed the ALJ's decision to the North Carolina Department of Instruction and the appeal was heard by a state review officer who affirmed the ALJ's decision. Compl. at 7; Pl.'s Am. Compl. at 4. On November 14, 2012, Plaintiff brought the present action to obtain review of the SRO's decision. [DE-1].

## DISCUSSION

A.     Standard of Review

*Rule 15 of the Federal Rules of Civil Procedure*

Pursuant to Rule 15(a)(2), a party may amend its pleading with the court's leave and the court should freely give leave when justice so requires. Fed. R. Civ. P. 15(a)(2). In making a Rule 15(a) determination, the following standard is to be employed by a court:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing

4

> party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962) (quoting Fed. R. Civ. P. 15(a)). Thus, as a general rule, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (emphasis and citation omitted). A court should deny a motion to amend as futile if the amended complaint could not survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995). Unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleadings, the amended complaint supercedes an original complaint and renders the original complaint without legal effect. *In re Wireless Tel. Fed. Cost Recovery Fees Lit.*, 396 F.3d 922, 928 (8th Cir. 2005); *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).

*Rule 12 of the Federal Rules of Civil Procedure*

Pursuant to Rule 12(b)(1), a court must dismiss all or part of an action over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Whether subject matter jurisdiction exists is a threshold question which must be addressed by the court before considering the merits of the case. *Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999). The plaintiff, as the party opposing a Rule 12(b)(1) motion to dismiss, has the burden of proving that subject matter jurisdiction does in fact exist. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

Pursuant to Rule 12(b)(6), a court may dismiss an action which fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). A 12(b)(6) motion to dismiss tests the

5

sufficiency of the facts pleaded in the complaint and the relevant inquiry is whether the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). In reviewing a motion to dismiss, a court is required to consider the complaint in the light most favorable to the plaintiff and to accept as true all well-pleaded factual allegations. *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 697 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Robinson v. Am. Honda Motor Co., Inc.*, 551 F.3d 218, 222 (4th Cir. 2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

The Supreme Court has also opined that Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id.* at 93 (quoting *Twombly*, 550 U.S. at 555) (internal quotations omitted). "Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A pro se complaint involving civil rights issues must be liberally construed. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts which set forth a claim that is cognizable under federal law. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990).

6

B.  Plaintiff's Motion to Amend

*IDEA Claims*

"The IDEA requires all states receiving federal education funds to provide disabled school-children with a 'free appropriate public education' ("FAPE")." *M.S. ex rel. Simchick v. Fairfax Cnty. Sch. Bd.*, 553 F.3d 315, 319 (4th Cir. 2009) (citing 20 U.S.C. § 1412(a)(1)(A)). "A FAPE 'consists of educational instruction specially designed to meet the unique needs of the handicapped child, supported by such services as are necessary to permit the child to benefit from the instruction." *Id.* (quoting *Bd. of Educ. v. Rowley*, 458 U.S. 176, 188-89 (1982)). "[A] FAPE must be reasonably calculated to confer some educational benefit on a disabled child." *M.M. ex rel. D.M. & E.M. v. Sch. Dist. of Greenville Cnty.*, 303 F.3d 523, 526 (4th Cir. 2002) (citing *Rowley*, 458 U.S. at 207). "Such an educational benefit must be provided to a disabled child in the least restrictive and appropriate environment, with the child participating, to the extent possible, in the same activities as non-disabled children." *Id.* (citing 20 U.S.C. § 1412(a)(5)(A)).

"The IDEA does not however, require a school district to provide a disabled child with the best possible education." *Id.* at 526 (citing *Rowley*, 458 U.S. at 192) (noting that the IDEA provides very little by way of substantive standards in determining whether a child is receiving a FAPE). Further, "once a FAPE is offered, the school district need not offer additional educational services." *Id.* at 526-27 (citing *Matthews v. Davis*, 742 F.2d 825, 830 (4th Cir. 1984)). In other words, "while a state must provide specialized instruction and related services sufficient to confer some educational benefit upon the handicapped child, . . . [IDEA] does not require the furnishing of every special service necessary to maximize each handicapped child's potential." *Id.* at 527 (citing *Hartmann v. Loudoun Cnty. Bd. of Educ.*, 118 F.3d 996, 1001 (4th Cir. 1997) (subsequent citation and internal

quotations omitted). While a state need not provide the best education possible under the IDEA, the academic advancement must be more then trivial. *Hall ex rel. Hall v. Vance Cnty. Bd. of Educ.*, 774 F.2d 629, 636 (4th Cir. 1985).

"A school provides a FAPE by developing an IEP [Individualized Education Plan] for each disabled child." *J.P. ex rel. Peterson v. Cnty. Sch. Bd. of Hanover Cnty., Va.*, 516 F.3d 254, 257 (4th Cir. 2008). "An appropriate IEP must contain statements concerning a disabled child's level of functioning, set forth measurable annual achievement goals, describe the services to be provided, and establish objective criteria for evaluating the child's progress." *M.M.*, 303 F.3d at 527 (citing 20 U.S.C. § 1414(d)(1)(A)). The IEP is prepared by an IEP team, which generally includes the child's parents, regular education teacher, special education teacher, a representative of the local education agency ["LEA"], and, when appropriate, the child herself. 20 U.S.C. § 1414(d)(1)(B). An IEP must ultimately be "reasonably calculated to enable the child to receive educational benefits." *Rowley*, 458 U.S. at 207. The IDEA requires that the parents or guardian of a handicapped child be permitted to participate in discussion relating to the evaluation and education of the disabled child. 20 U.S.C. § 1415(b). The IDEA also requires that the parents of a disabled child be notified by the school district of any prospective change to their child's IEP. *M.M.*, 303 F.3d 527.

"Congress incorporated [into the IDEA] an elaborate set of what is labeled 'procedural safeguards' to insure the full participation of the parents and proper resolution of substantive disagreements" with respect to the provision of a FAPE. *Sch. Comm. of Burlington v. Dep't of Educ. of Mass.*, 471 U.S. 359, 368 (1985). Those procedural safeguards permit parents to present complaints regarding the provision of a FAPE. 20 U.S.C. § 1415(b)(6)(A). When a parent or

8

guardian objects to the identification, placement, or evaluation of his or her child, the parent or guardian has "a right to an impartial due process hearing," to be conducted by the state education agency as determined by state law, to evaluate the disabled student's IEP. *Gadsby v. Gadsby*, 109 F.3d 940, 944 (4th Cir. 1997); *see also* 20 U.S.C. § 1415(f). At that hearing, the parent has the right to be accompanied by counsel, to present evidence and cross-examine witnesses, and to receive a written record of the hearing and the decision made. 20 U.S.C. §§ 1415(h)(1)-(4).

North Carolina has a two-tiered administrative review system. The due process hearing is heard by an ALJ selected by the North Carolina Office of Administrative Hearings. Parties aggrieved by the findings of the ALJ decision may appeal to the State Board of Education, which will assign a State Review Officer ("SRO") knowledgeable about special education to review the ALJ's findings and decision. *Cone v. Randolph Cnty. Bd. of Educ.*, 657 F. Supp. 2d 667, 670 (M.D.N.C. 2009). The party dissatisfied with the SRO's decision may file a civil action in state or federal court. 20 U.S.C. § 1415(i)(2)(A). A plaintiff must exhaust her administrative remedies before pursuing a civil action in court. *M.M.*, 303 F.3d at 536. When parents of a disabled child challenge multiple IEPs in court, they must have exhausted their administrative remedies for each academic year in which an IEP is challenged. *Id.*

There are two types of violations under the IDEA – procedural violations and substantive violations. Substantive violations occur when there is a deficiency in what the school system offers as services for the child, thereby preventing the child from receiving a FAPE. *See A.R. ex rel. J.K. v. Alexandria City Sch. Bd.*, 484 F.3d 672, 679 n.7 (4th Cir. 2007). The denial of a parent's "opportunity to participate meaningfully" in the creation of the child's IEP is a procedural violation of the IDEA. *See Knable ex rel. Knable v. Bexlay City Sch. Dist.*, 238 F.3d 755, 767-70 (6th Cir.

9

2001). However, a procedural violation does not necessarily mean the child failed to receive a FAPE and that relief is warranted. *DiBuo ex rel. DiBuo v. Bd. of Educ. of Worcester Cnty.*, 309 F.3d 184, 190 (4th Cir. 2002). Therefore, if a procedural defect exists, the court must "assess whether it resulted in the loss of an educational opportunity for the disabled child, or whether, on the other hand, it was a mere technical contravention of the IDEA." *M.M.*, 303 F.3d at 533 (citing *Gadsby*, 109 F.3d at 956). A school district meets its obligations under the IDEA "if a disabled child received (or was offered) a FAPE in spite of a technical violation of the IDEA." *Id.* at 534 (citing *Burke Cnty. Bd. of Educ. v. Denton*, 895 F.2d 973, 982 (4th Cir. 1990)). In determining whether the child received a FAPE consistent with the IDEA, the court must review the administrative record as the finder of fact and show deference to findings of the state administrative agency. *See Kirkpatrick v. Lenoir Cnty. Bd. of Educ.*, 216 F.3d 380, 385 (4th Cir. 2000).

Within the posture of the present case, squaring this analysis with a liberal reading of the allegations in Plaintiff's pro se amended complaint, it appears Plaintiff has set forth sufficient factual allegations to support a cause of action under the IDEA and that such a claim is not futile. As an initial matter, Plaintiff has clearly alleged that she challenged N.M.M.'s IEP through the administrative process and exhausted her administrative remedies. Plaintiff's factual allegations, though not a model of clarity, appear to support exhaustion as well. Pl.'s Am. Compl. at 8. As for Plaintiff's specific allegations under the IDEA, Plaintiff sufficiently alleges both procedural and substantive violations of the IDEA. Plaintiff alleges violations of the procedural guarantees of the IDEA with respect to Plaintiff's participation in the development of N.M.M.'s IEP. Plaintiff maintains that she, as N.M.M.'s parent, was "not made an active participant" in developing a successful IEP for N.M.M., was denied the opportunity to provide "information on what would help

10

[N.M.M.] make progress," and that N.M.M.'s IEP was "already planned before [Plaintiff] had arrived and that voting had also occurred." *Id.* at 6-7. The denial of a parent's "opportunity to participate meaningfully is a procedural violation of the IDEA. *Knable*, 238 F.3d at 767-70. As such, Plaintiff's procedural claim is not futile.

Plaintiff also alleges that N.M.M.'s IEP for the school year 2012-2013 did not provide N.M.M. with a FAPE as required by the IDEA, a substantive claim under the IDEA.[3] *See Knable*, 238 F.3d at 767-70 (noting the consideration of whether the school offered an appropriate program is substantive in nature). Specifically, Plaintiff alleges that N.M.M.'s IEP was not an individualized plan, but a "one-size-fits-all program" that was pre-written. Pl.'s Am. Compl. at 6. Plaintiff further alleges that N.M.M. was not able to participate in the curriculum like the other children in her classroom and that N.M.M. was denied the use equipment such as an adaptive tricycle. *Id.* at 5, 7. While the determination of whether a disabled child has been provided a FAPE is a question of fact, Plaintiff has sufficiently alleged a substantive violation of the IDEA and her claim is not futile.

Defendant contends the court should deny Claimant's motion to amend as to her IDEA claim because Plaintiff seeks to recover monetary damages for the alleged IDEA violations, which are not permitted under law. While the court recognizes that Plaintiff seeks relief, such as monetary

---

[3] Without having the benefit of reviewing the administrative record in this case, it appears to the court from the face of Plaintiff's amended complaint that Plaintiff contests N.M.M.'s IEP for the school year 2012-2013. Plaintiff's amended complaint indicates that the IEP for this school year was resolved in favor of the school district at the conclusion of the state administrative proceedings, ending with the SRO affirming the ALJ's decision. Pl.'s Am. Compl. at 15-18, 27-28.

Plaintiff briefly mentions the contest regarding N.M.M's first IEP that appears to have been established for the school year 2011-2012. However, Plaintiff indicates in her amended complaint that her contest regarding that specific IEP was resolved at a resolution meeting. Therefore, Plaintiff has clearly not alleged a claim as to the IEP for the school year 2011-2012 as that contest was resolved following her filing of a grievance.

11

damages, that is not recoverable, a liberal reading of Plaintiff's pro se amended complaint demonstrates that she is seeking otherwise "appropriate" relief in the form of an injunction. *See Burlington*, 471 U.S. at 374 (citing 20 U.S.C. § 1415); *Emery v. Roanoke City Sch. Bd.*, 432 F.3d 294, 298 (4th Cir. 2005) (holding a plaintiff may not recover compensatory or punitive damages under the IDEA since the IDEA is not meant to function as a means for tort-recovery). Accordingly, Plaintiff's motion to amend with respect to her claims under the IDEA will be allowed to the extent Plaintiff seeks appropriate relief towards the provision of a FAPE for N.M.M.

*Rehabilitation Act of 1973 Claims*

The IDEA and Rehabilitation Act are different statutes. "Whereas IDEA affirmatively requires participating States to assure disabled children a [FAPE], . . . , section 504 of the Rehabilitation Act instead prohibits discrimination against disabled individuals." *Sellers v. Sch. Bd. of City of Manassas, Va.*, 141 F.3d 524, 528 (4th Cir. 1998). Section 504 provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794(a). The Fourth Circuit has held that "to establish a violation of section 504, plaintiffs must prove that they have been discriminated against – that they were excluded from the employment or benefit *due to discrimination* solely on the basis of the disability." *Sellers,* 141 F.3d at 528 (citations and internal quotations omitted). However, discrimination in the education context requires a showing of something beyond mere failure to provide a FAPE under the IDEA. *Id.* at 529; *Charlotte-Mecklenburg Bd. of Educ. v. B.H.*, No. 3:07-CV-189, 2008 WL 4394191, at *6 (W.D.N.C. Sept. 24, 2008). The Fourth Circuit requires that either bad faith or gross misjudgment must be shown before

a section 504 discrimination violation can be established in the context of the education of disabled children. *Sellers*, 141 F.3d at 529 (citing *Monahan v. Nebraska*, 687 F.2d 1164, 1170 (8th Cir. 1982)). Plaintiff sets forth a variety of factual allegations regarding her section 504 claim, which the court addresses in turn.[4]

First, to the extent that Plaintiff bases her section 504 discrimination claim on the failure of the Defendant to provide N.M.M. a FAPE because of faulty IEPs, her claim fails. Plaintiff has not alleged any facts to meet the heightened pleading standard in *Sellers* requiring bad faith or gross misjudgment. Therefore, any such claim is futile. Next, reading Plaintiff's pro se amended complaint liberally, Plaintiff also appears to contend that her section 504 discrimination claim is based on the presence of physical barriers within the school denying N.M.M. access to public services or programs. Specifically, Plaintiff alleges that N.M.M. was not allowed "to go to the speech hut due to the stairs" and that the school winter program was moved from its original location on the school stage to another location because N.M.M. was in a wheelchair. Pl.'s Am. Compl. at 8. The court recognizes that the heightened *Sellers* standard is not applicable to a 504 discrimination claim based on these type of factual allegations, though the claim appears to be related to the education of a disabled child, because the crux of Plaintiff's challenge is to physical barriers, not the development of N.M.M.'s IEP. *See Shirley v. City of Alexandria Sch. Bd.*, No. 99-1127, 2000 WL 1198054, at *4-5 (4th Cir. Aug. 23, 2000) (holding that the heightened pleading standard in *Sellers* is not applicable when the claims do not relate specifically to the development of appropriate IEPs,

---

[4]  Plaintiff's amended complaint has sufficiently plead administrative exhaustion as it relates to her section 504 claims. Pl.'s Am. Compl. at 6. *See A.S. ex rel. Leonel S. v. Catawba Cnty. Bd. of Educ.*, No. 5:11-CV-27, 2011 WL 3438881, at *4 (W.D.N.C. Aug. 5, 2011) (recognizing that claims under the Rehabilitation Act are subject to an exhaustion of administrative remedies to the extent they seek relief that is also available under the IDEA).

13

despite the fact that the activities take place in a school and are directed at disabled children). Therefore, since physical barriers are contested as opposed to the development of N.M.M's curriculum, Plaintiff must sufficiently plead that N.M.M. has been excluded from participation in or denied the benefits of Cumberland County Schools' services, programs or activities solely by reason of her disability. *Id.* Here, Plaintiff has failed to allege a section 504 discrimination claim based on the above cited allegations related to physical barriers. While alleging N.M.M. was not able to attend her speech services in the speech hut because it had stairs, Plaintiff's amended complaint simultaneously indicates that N.M.M. received those same speech services within the classroom. Therefore, N.M.M. was not denied access to services based on her disability due to physical barriers. N.M.M. successfully received those services, just within a different location in the school. Second, the allegations regarding the school's winter program indicate the same – that N.M.M. had access to the services within a different location in the school to allow her wheelchair access. If anything, Plaintiff's allegations with respect to this particular challenge indicate N.M.M. was given full access to the services in question, albeit in a separate location, which precludes Plaintiff's claim. *See, e.g., Shirley*, 2000 WL 1198054, at *5 (citing cases recognizing that the ADA and Rehabilitation Act regulations provide that a public entity may comply with the two Act's requirements by assigning services to accessible facilities and locations for individuals with disabilities even though other locations within the school are not accessible for the disabled individual); 34 C.F.R. § 104.22 (a), (b) (providing that a public entity may comply with the requirement that programs or activities be "readily accessible to handicapped persons" "through such means as . . . reassignment of services to accessible buildings"). Accordingly, Plaintiff's section 504

14

discrimination claim is futile under any factual scenario, and Plaintiff's motion to amend will be denied to the extent Plaintiff alleges a section 504 discrimination claim.

Plaintiff's amended complaint also contains language suggestive of a section 504 retaliation claim. The regulations implementing the Rehabilitation Act make it unlawful to "[i]ntimidate or retaliate against any individual . . . for the purpose of interfering with any right secured by [the Rehabilitation Act]." 28 C.F.R. § 42.503(b)(1)(vii). To establish a prima facie case of retaliation under the Rehabilitation Act, Plaintiff must show that: (1) she engaged in a protected activity; (2) Defendant took an adverse action against her; and (3) a causal connection exists between the protected activity and the adverse action. *See D.B. ex rel. Elizabeth B. v. Esposito*, 675 F.3d 26, 41 (1st Cir. 2012) (applying standard to student's retaliation claim in the education context). To show a causal relationship between the protected activity and the retaliatory action, a plaintiff generally must allege an "unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action." *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007); *see also Reinhardt v. Albuquerque Pub. Sch. Bd. of Educ.*, 595 F.3d 1126, 1134 (10th Cir. 2010).

The general thrust of Plaintiff's claims are that Defendant retaliated against N.M.M. for advocating on behalf of N.M.M.'s right under the Rehabilitation Act to be free from disability-based discrimination in the provision of a FAPE. Such advocacy plainly constitutes protected conduct under the Rehabilitation Act. *See Reinhardt*, 595 F.3d at 1132 (holding that a speech-language pathologist's complaints about the school board's failure to deliver services to special education students at the high school, and her filing a complaint against the school board constituted "protected activities"); *Sweet v. Tigard-Tualatin Sch. Dist.*, 124 F. App'x 482, 485 n.1 (9th Cir. 2005) (holding

15

Case 5:12-cv-00744-FL   Document 17   Filed 08/30/13   Page 15 of 19

that a public school psychologist's complaints regarding potential IDEA violations were protected from retaliation under § 504). Additionally, Plaintiff has sufficiently stated a prima facie claim of retaliation with respect to the other elements. Plaintiff alleges that adverse action was taken against N.M.M. by failing to let her "enter her rightful LRE." Pl.'s Am. Compl. at 6, 8. The alleged adverse action was close in time to the time period in which Plaintiff was advocating for N.M.M.'s right to a FAPE. Those allegations are sufficient, at this stage, to establish a causal connection. Accordingly, Plaintiff's claim is not futile and Plaintiff's motion to amend with respect to her section 504 retaliation claim will be allowed.

*Americans with Disabilities Act ("ADA") Claims*

To the extent Plaintiff seeks relief under the ADA, the court finds that Plaintiff has failed to provide sufficient factual support for her claims. Rule 8 of the Federal Rules of Civil Procedure requires that the party seeking relief set forth "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The rule also requires that the allegations of the complaint be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "[W]hile the liberal pleading requirements of [Federal Rule of Civil Procedure] 8(a) demand only a short and plain statement of the claim, a plaintiff must often offer more detail than the bald statement that he has a valid claim of some type against the defendant." *Cook v. Kraft Foods Global, Inc.*, 184 F. App'x 348 (4th Cir. June 8, 2006) (citing *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001)). Moreover, the presence of conclusory legal terminology does not insulate a claim from dismissal where the plaintiff fails to allege facts to support the alleged legal conclusion. *See Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001).

16

Here, Plaintiff does not mention the ADA until the second to last page in her amended complaint where she is stating the relief she seeks. Pl.'s Am. Compl. at 8. Plaintiff fails to provide factual in support of her ADA claims that satisfies Rule 8. While the court recognizes the similarity between the Rehabilitation Act and the ADA, and that similar factual allegations may potentially support claims under both Acts, Plaintiff simply has not satisfied the requirements of Rule 8 for an ADA claim. Accordingly, Plaintiff's motion to amend will be denied to the extent Plaintiff alleges claims pursuant to the ADA.

*Section 1983 Claim*

Plaintiff states that her complaint is pursuant to 42 U.S.C. § 1983. Pl.'s Am. Compl. at 1. Section 1983 "is not itself a source of substantive rights, "but merely provides "a method for vindicating federal rights elsewhere conferred." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). The first step in any such claim is to identify the specific constitutional rights allegedly infringed. *See Graham v. Connor*, 490 U.S. 386, 394 (1989); *Baker*, 443 U.S. at 140. Plaintiff's amended complaint fails to identify a constitutional right infringed by Defendant and her claim may not be premised on her general IDEA violations. *See Sellers*, 141 F.3d at 530-31 (holding that plaintiffs may not sue under § 1983 for statutory violations of the IDEA). Accordingly, Plaintiff's motion to amend with respect to her section 1983 claim will be denied.

C.   Plaintiff's Motion for Joinder

Federal Rule of Civil Procedure 18 permits joinder of "as many claims as [a plaintiff] has against an opposing party." In support of her motion Plaintiff shows the court that she "currently [has] two claims that [she] want[s] to combine; the current claim of case no 5:12-CV-00744-FL with 12 EDC 07742, that has been denied a due process at the Office of Administrative Hearings and was

17

denied to be heard with the appeal with the SEA (DPI). Case 12 EDC 07742 supports my case currently in the District Court." [DE-13]. Because the motion does not clearly articulate the claims that Plaintiff wishes to join with the instant matter, the motion is denied without prejudice, with permission to refile a motion for joinder that more clearly specifies the claims she seeks to join. *See Singletary v. Dep't of Health & Human Servs./Infant Toddler Program*, 848 F. Supp. 2d 588, 594 (E.D.N.C. 2012).

D.  Defendant's Motion to Dismiss

Defendant filed a motion to dismiss [DE-5] in regard to Plaintiff's original complaint filed November 14, 2012. Based on the foregoing, the court grants Plaintiff's motion to amend in part as to certain claims. Accordingly, the court recommends that Defendant's motion to dismiss be denied as moot. *See King*, 31 F.3d at 346 (recognizing that unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleadings, the amended complaint supercedes an original complaint and renders the original complaint without legal effect).

## CONCLUSION

For the foregoing reasons,

1. Plaintiff's motion for joinder [DE-13] is DENIED WITHOUT PREJUDICE;

2. Plaintiff motion for leave to file an amended complaint [DE-12] is DENIED as to the following claims: discrimination under the Rehabilitation Act, claims pursuant to the ADA, and claims pursuant to § 1983. Plaintiff cannot proceed on those claims, and Defendant accordingly has no requirement in pleading to respond to such claims. Plaintiff's motion for leave to file is GRANTED as to the following remaining claims of the amended complaint: claims pursuant to the IDEA and retaliation under the Rehabilitation Act. The clerk is DIRECTED now to take separately into the record Plaintiff's amended complaint, as it appears at [DE-12-1], with the addition of page 7 as it appears in Plaintiff's response at [DE-16-1];

3. Plaintiff shall serve Defendant with the amended complaint, as well as a copy of this order, and shall file proof of service as required;

4. Defendant, absent any extension, shall have twenty-one (21) days from date of service within which to respond to the amended complaint; and

5. The court RECOMMENDS that Defendant's motion to dismiss [DE-5] be DENIED AS MOOT.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the district court.

Submitted and ordered, the 29th day of August, 2013.

Robert B. Jones, Jr.
United States Magistrate Judge