IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No.: 5:12-CV-744-FL

| | |
|---|---|
| ESTELLE SINGLETARY, on behalf of N.M.M., a minor child, ) ) ) | |
| Plaintiff, ) ) ) | ORDER |
| v. ) ) | |
| CUMBERLAND COUNTY SCHOOLS, ) ) | |
| Defendant. ) | |

This matter comes before the court on the following motions: (1) Defendant's *Motion for More Definite Statement* [DE-20], (2) Plaintiff's *Motion to Join Claims* [DE-22], and (3) Plaintiff's *Motion to Amend/Revise Reply to Response* [DE-26].[1] The motions have been referred to the undersigned and are properly addressed in accordance with 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a).[2] The motions are ripe for decision. For the following reasons, Plaintiff's motion to revise her reply [DE-26] is ALLOWED and the remaining motions [DE-20 & -22] are denied.

---

[1] None of the motions was accompanied by supporting memoranda as required by the local rules of practice. *See* Local Civil Rule 7.1(d).

[2] The motions under consideration do not appear among those requiring submission of a recommendation to the district court. *See* 28 U.S.C. § 636(b)(1)(A) & (B); *Barnhardt v. Scottsdale Ins. Co.*, No. 1:13CV637, 2013 WL 5524806, at *1 (M.D.N.C. Oct. 4, 2013) (observing that a motion for more definite statement pursuant to Fed. R. Civ. P. 12(e) is non-dispositive and to be ruled on in accordance with 28 U.S.C. § 636(b)(1)(A)) (citations omitted); *Ellsworth v. Corizon Health, Inc.*, No. CV-11-8070-PCT-RCB-MEA, 2012 WL 1267995, at *1 (D. Ariz. Apr. 16, 2012) (finding plaintiff's motion to join parties "falls within the non-dispositive group of matters which a magistrate may determine") (citation omitted).

## BACKGROUND

On November 14, 2012, Plaintiff Estelle Singletary ("Plaintiff" or "Singletary"), proceeding *pro se* and on behalf of her minor daughter, N.M.M., filed a complaint in this court alleging violations of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq*. [DE-1]. On December 19, 2012, in lieu of filing an answer, Defendant Cumberland County Schools ("Defendant") moved to dismiss Plaintiff's complaint on the grounds that the complaint failed to state claims for which relief may be granted, pursuant to Fed. R Civ. P. 12(b)(6), and that the court lacks jurisdiction over one of Plaintiff's claims and should be dismissed in accordance with Fed. R. Civ. P. 12(b)(1). [DE-5, -6]. Thereafter, on January 15, 2013, Plaintiff filed a motion to amend her complaint along with a proposed amended complaint. [DE-12, -12-1]. On the same date, Plaintiff filed a motion to join claims. [DE-13]. In particular, pursuant to Fed. R. Civ. P. 18, Plaintiff sought to join claims she had purportedly asserted in a matter before the North Carolina Office of Administrative Hearings. *Id*.

On August 30, 2013, this court denied Plaintiff's motion to amend her complaint as to her purported claims of discrimination under the Rehabilitation Act of 1973, the ADA and 42 U.S.C. § 1983 after finding that such claims were futile. [DE-17] at 18; *Singletary ex rel. N.M.M. v. Cumberland County Schools*, No. 5:12-CV-744-FL, 2013 WL 4674874, at *11 (E.D.N.C. Aug. 30, 2013). The court allowed Plaintiff to amend her complaint regarding her allegations of violation of the IDEA and claims of retaliation under the Rehabilitation Act. [DE-17] at 18. The court directed the clerk to take separately into the record Plaintiff's amended complaint as it appears at [DE-12-1] with the addition of page 7 of Plaintiff's response at [DE-16-1]. *Id*. Plaintiff's amended complaint was duly filed on August 30, 2013. [DE-18]. In its order the

court denied without prejudice Plaintiff's motion for joinder of claims, finding Plaintiff's description of the claims she sought to join vague and in need of further clarification. [DE-17] at 17-18. Finally, because the court allowed Plaintiff to amend her complaint, the court recommended that the District Court deny as moot Defendant's motion to dismiss Plaintiff's original complaint, a recommendation which the District Court subsequently adopted. [DE-19].

On September 11, 2013, Defendant moved the court to issue an order directing Plaintiff to file a more definite statement regarding her retaliation claim under section 504 of the Rehabilitation Act. [DE-20] at 1. Plaintiff did not respond to Defendant's motion but filed a "Motion to Join Claims" on September 17, 2013, [DE-22], to which Defendant responded [DE-24] and Plaintiff replied [DE-25]. Thereafter, on October 11, 2013, Plaintiff filed a document entitled "Revision," which has been construed as a motion to amend her reply brief, to which Defendant did not respond. [DE-26, -26-1].

## DISCUSSION

A.  Defendant's Motion for More Definite Statement

In her amended complaint, Plaintiff asserts a claim of retaliation under the Rehabilitation Act of 1973. [DE-17] at 12-16; [DE-18]. Among other assertions contained in her amended complaint, Plaintiff has alleged that she "filed a due process [action] which caused the school to retaliate against the parent and child by not allowing her to enter her rightful [least restrictive environment] LRE." Am. Compl. [DE-18] at 5. Defendant contends Plaintiff's amended complaint fails to explain the meaning of "not allowing her to enter her rightful LRE." [DE-20] at 1. According to Defendant, Plaintiff's allegation is so vague that Defendant cannot reasonably prepare a response, nor does the amended complaint allege any particular action taken by

3

Defendant to prevent NMM from entering "her rightful LRE" or how any such action was taken in retaliation. *Id.* at 1-2.

A party may file a Rule 12(e) motion in response to "a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). A motion under Rule 12(e) for a more definite statement is intended to provide a remedy for a pleading which is unintelligible, rather than a vehicle for obtaining greater detail. *Campbell v. Miller*, 836 F. Supp. 827, 832 (M.D. Fla. 1993). Indeed, "[t]here is a desire to prevent litigants from turning Rule 12(e) into a discovery substitute, and 'courts will generally deny a motion for more definite statement where the information sought may be obtained in discovery.'" *Doe v. Bayer Corp.*, 367 F. Supp. 2d 904, 917 (M.D.N.C. 2005) (quoting *Hilska v. Jones*, 217 F.R.D. 16, 21 (D. D.C. 2003)). Thus, "[a] court should deny a Rule 12(e) motion 'when the complaint conforms to [Federal Rule of Civil Procedure 8] and it is neither so vague nor so ambiguous that the defendant cannot reasonably be required to answer.'" *Stillwagon v. Innsbrook Golf & Marina, LLC*, No. 2:13-CV-18-D, 2013 WL 2456546, at *1 (E.D.N.C. June 6, 2013) (quoting *Hodgson v. Va. Baptist Hosp., Inc.*, 482 F.2d 821, 824 (4th Cir. 1973)); *see Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 348-49 & n.3 (4th Cir. 2005).

In this case, though inartfully pled by a *pro se* claimant, Plaintiff's amended complaint is not so vague or ambiguous that Defendant cannot reasonably prepare a response. Indeed, this court has previously reviewed Plaintiff's retaliation claim, in ruling on Plaintiff's motion to amend her complaint, finding that Plaintiff's allegations satisfy the requirements of Rule 8 as well as Rule 12(b)(6). [DE-17] at 12-16; *Singletary*, 2013 WL 4674874, at *9; *see Stillwagon*, 2013 WL 2456546, at *1 (denying Rule 12(e) motion where second amended complaint satisfied

4

requirements of Rules 8 and 12(b)(6)). Defendant's arguments are more properly explored during discovery and made at summary judgment. *See Stillwagon*, 2013 WL 2456546, at *1. Accordingly, Defendant's motion for a more definite statement is DENIED.

B.    Plaintiff's Motion to Join Claims[3]

Plaintiff has moved once again to join claims from a state administrative proceeding into this lawsuit pursuant to Fed. R. Civ. P. 18. Plaintiff's motion however falls short of identifying with clarity the claim(s) she wishes to join into this lawsuit, leaving the court in a position of having to guess the nature of those claims. Plaintiff's motion consists of five short paragraphs describing prior proceedings before the state administrative agency. It is unclear from these statements what claim(s) Plaintiff seeks to join, nor is it any clearer from her reply.

Plaintiff's joinder of claim(s) at this point in these federal proceedings should be more appropriately addressed thorough Fed. R. Civ. P. 15. *See Mackensworth v. S.S. American Merchant*, 28 F.3d 246, 251 (2d Cir. 1994) (holding that where plaintiff's notice of joinder sought to amend existing complaint by "joining" additional claim under Rule 18, Rule 15 would apply); *Aquilio v. Manaker*, Nos. 90–CV–45, 91–CV–93, 1991 WL 207473, at *16 (N.D.N.Y. Oct. 10, 1991) (treating motion to join new plaintiffs as motion for leave to amend). Viewed through Rule 15, Plaintiff's motion fails to provide the court with her proposed amendment setting forth in a short and plain statement the claim(s) she wishes to add to her amended complaint. *See Pet Quarters, Inc. v. Depository Trust & Clearing Corp.*, 559 F.3d 772, 782 (8th

---

[3]Plaintiff's motion to amend/revise her reply seeks simply to correct minor typographical errors inadvertently committed in drafting her motion to join claims. Defendant has not responded to the motion and the court finds good cause to allow the relief requested. Plaintiff's motion to amend/revise [DE-26] is ALLOWED.

5

Cir. 2009) ("Leave to amend generally is inappropriate, however, where the plaintiff has not indicated how it would make the complaint viable, either by submitting a proposed amendment or indicating somewhere in its court filings what an amended complaint would have contained.") (citation omitted); *Bogdan v. Hous. Auth. of the City of Winston-Salem*, No. 1:05-CV-568, 2006 WL 3848693, at *3 (M.D.N.C. 2006) (observing that when plaintiff requests leave to amend, plaintiff must include the proposed amendment and that the proposed amendment should comply with the general rules of pleading in Fed. R. Civ. P. 8) (citations omitted). Accordingly, Plaintiff's motion to join claims is DENIED without prejudice to refile her request as a motion to amend, accompanied by a proposed amended complaint in conformity with Rules 8 and 15.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to amend/revise her reply [DE-26] is ALLOWED, Plaintiff's motion to join claims [DE-22] is DENIED and Defendant's motion for a more definite statement [DE-20] is DENIED.

So ordered the 26th day of November 2013.

Robert B. Jones, Jr.
United States Magistrate Judge