IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CV-744-FL

| | |
|---|---|
| ESTELLE SINGLETARY, on behalf of N.M.M., a minor child, ) ) ) Plaintiff, ) ) v. ) ) CUMBERLAND COUNTY SCHOOLS, ) ) Defendant. ) | ORDER |

This matter comes before the court on the following motions: (1) Plaintiff's *Motion in Limine* [DE-53], (2) Plaintiff's *Motion for Protective Order* [DE-54], and (3) Defendant's *First Motion to Compel* [DE-59]. All briefing is complete and the matters are ripe for disposition. These motions have been referred for disposition in accordance with 28 U.S.C. § 636(b)(1)(A). For the reasons set forth below, Plaintiff's motion in limine [DE-53] is denied without prejudice and the court stays ruling on Plaintiff's motion for protective order and Defendant's motion to compel.

## I. BACKGROUND

On November 14, 2012, Plaintiff Estelle Singletary ("Plaintiff" or "Singletary"), proceeding *pro se* and on behalf of her minor daughter, N.M.M., filed her original complaint in this court alleging civil rights violations in the education of N.M.M. [DE-1]. Thereafter, on January 15, 2013, Plaintiff filed a motion to amend her complaint along with a proposed amended complaint ("First Amended Complaint"). [DE-12, -12-1]. On August 30, 2013, this court denied Plaintiff's motion to amend her complaint as to her purported claims of discrimination under the Rehabilitation Act of 1973, the ADA and 42 U.S.C. § 1983 after finding that such claims were futile, but allowed

Plaintiff to amend her complaint regarding her allegations of violation of the Individuals with Disabilities Education Act ("IDEA") and retaliation under the Rehabilitation Act. [DE-17] at 17-18. Plaintiff's First Amended Complaint was filed by the clerk on August 30, 2013. [DE-18].

On December 10, 2013, Plaintiff moved to file a Second Amended Complaint [DE-32] which the court allowed and Plaintiff's Second Amended Complaint was filed March 14, 2014 [DE-49]. On February 24, 2014, the court entered a case management order [DE-45] and order governing procedures for receipt of the administrative record [DE-46]. On April 25, 2014, the administrative record was filed with this court. *See* [DE-65] through [DE-75].

## II. DISCUSSION

### A. Plaintiff's Motion in Limine [DE-53]

Plaintiff filed a motion in limine on April 8, 2014, seeking the exclusion of N.M.M.'s private medical records from trial. Pl.'s Mot. in Limine [DE-53]. The private medical records which are the subject of Plaintiff's motion in limine are the same records contested in Plaintiff's motion for protective order. *See* Pl.'s Mot. Prot. Order [DE-54]. Currently, this case is in the discovery phase and pursuant to the court's case management order entered February 24, 2014, discovery is not set to end until September 24, 2014. [DE-45] at 2. Having considered the motion and the posture of the case, the court finds that Plaintiff's motion in limine is premature. Moreover, the medical records Plaintiff seeks to exclude from trial do not appear to have been produced by Plaintiff to date. Accordingly, Plaintiff's motion in limine is denied without prejudice to be refiled at a later time.

### B. Discovery Motions

Defendant has filed a motion to compel and Plaintiff has filed a motion for protective order, each related to Defendant's First Set of Document Production Requests. [DE-54, -59]. The

2

undersigned has also been referred for memorandum and recommendation Defendant's motion to dismiss which contends that dismissal is appropriate as to many of Plaintiff's present claims, some on the basis that Plaintiff has raised claims for which she has not exhausted the administrative process. [DE-57]. The parties have also now filed with the court the administrative record as previously directed by court order. *See* [DE-65] through [DE-76].

Given that the nature of this suit is an appeal from an administrative agency decision, the court finds it effective to stay ruling on the parties' discovery motions until Defendant's motion to dismiss has been ruled upon by the court. "The IDEA permits courts to 'hear additional evidence at the request of a party,' 20 U.S.C. 1415(i)(2)(C)(ii), but the Fourth Circuit has construed this provision narrowly," *Y.B. v. Bd. of Educ. of Prince George's Cnty.*, 895 F. Supp. 2d 689, 702 (D. Md. 2012), to "assist[] in giving due weight to the administrative proceeding," *Springer v. Fairfax Cnty. Sch. Bd.*, 134 F.3d 659, 667 (4th Cir. 1998) (citations omitted). *See also Burlington v. Dep't of Educ.*, 736 F.2d 773, 790 (1st Cir. 1984) ("The starting point for determining what additional evidence should be received, however, is the record of the administrative proceeding."). The pending motion to dismiss raises issues of administrative exhaustion, having the potential to narrow the claims properly before the court. Accordingly, the court hereby stays ruling on Plaintiff's motion for protective order and Defendant's motion compel until this court rules on Defendant's motion to dismiss.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion in limine [DE-53] is denied without prejudice and the court stays ruling on Plaintiff's motion for protective order [DE-54] and Defendant's motion to compel [DE-59].

3

So ordered, the 18th day of August 2014.

Robert B. Jones, Jr.
United States Magistrate Judge

4