IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CV-744-FL

| | |
|---|---|
| ESTELLE SINGLETARY, on behalf of N.M.M., a minor child, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CUMBERLAND COUNTY SCHOOLS, )<br>)<br>Defendant. ) | ORDER |

This matter is before the court on defendant's partial motion to dismiss for lack of subject matter jurisdiction predicated on failure to exhaust administrative remedies, under Federal Rule of Civil Procedure 12(b)(1). (DE 57). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr., entered a memorandum and recommendation ("M&R"), (DE 85), wherein it is recommended defendant's motion be granted in part. The parties have filed objections to the M&R, and the time for response has passed. In this posture, the issues raised are ripe for ruling. For the reasons stated below, the court adopts in part and rejects in part the M&R, and defendant's motion is granted.

**STATEMENT OF THE CASE**

Plaintiff, proceeding *pro se*, commenced this action on behalf of N.M.M., a minor with Schizencephaly and spastic quadriplegic cerebral palsy, under the Individuals with Disabilities Education Act (the "IDEA"), 20 U.S.C. §§ 1400-82. By complaint, filed November 14, 2012, plaintiff requested relief from an adverse decision of a state administrative proceeding completed

in July 2012, as provided for by the IDEA. See 20 U.S.C. § 1415(i). See generally ES v. Cumberland Cnty. Schs., 12 EDC 03259 (2012) (July 2012 Order, DE 70).

In her complaint, plaintiff alleged defendant violated N.M.M.'s right to the least restrictive educational environment ("LRE"); failed to provide assistive technologies, including a tricycle, spoons, cups, and communication devices, tailored to N.M.M.'s developmental level; and failed to individualize N.M.M.'s individualized education plan ("IEP") for the 2011-12 school year, by not providing measurable goals. (Compl., DE 1, at 4-5). In addition, plaintiff sought review of certain evidentiary rulings made by the administrative law judge ("ALJ") who presided over the state administrative proceeding, and relief under the Americans with Disabilities Act ("ADA"). (Id. at 5-6). Plaintiff requested $1,300,000.00 in damages; an apology letter from defendant; as well as unspecified training and requirements for defendant's employees who worked with N.M.M.

On December 19, 2012, defendant filed a motion to dismiss, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. (DE 5). Therein, defendant argued the court could not grant the relief requested by plaintiff and that the court lacked subject matter jurisdiction over plaintiff's ADA claim, because plaintiff failed to exhaust her administrative remedies. Although plaintiff responded to defendant's motion, she also sought leave to amend her complaint on January 15, 2013. In her proposed first amended complaint, plaintiff sought to add further claims under the IDEA, including an allegation that defendant prevented N.M.M. from "enter[ing] her rightful LRE"; claims for retaliation and discrimination under the Rehabilitation Act; a claim under the ADA; and a claim pursuant to 42 U.S.C. § 1983. (DE 12-1). In addition to her motion to amend, plaintiff filed a motion for joinder, pursuant to Federal Rule of Civil Procedure 18(a), whereby she sought to join

2

claims against defendant, arising out of a second administrative proceeding, which concluded with an administrative order of dismissal in October 2012. Such claims contested N.M.M.'s 2012-13 IEP. See generally ES v. Cumberland Cnty. Schs., 12 EDC 07742 (Order of Dismissal Without Prejudice, Oct. 24, 2012) (October 2012 Dismissal Order, DE 25-8).

On August 30, 2013, a magistrate judge denied plaintiff's motion for joinder without prejudice. (DE 17). The magistrate judge also denied plaintiff's motion for leave to amend in part , where the proposed amended complaint asserted claims for discrimination under the Rehabilitation Act, claims under the ADA, and claims pursuant to § 1983, finding that all such claims were futile. However, the magistrate judge allowed plaintiff to amend her complaint to assert further claims pursuant to the IDEA and retaliation under the Rehabilitation Act. Finally, the magistrate judge recommended this court deny defendant's motion to dismiss as moot.

On August 30, 2013, the court adopted the magistrate judge's recommendation and denied defendant's motion to dismiss as moot. (DE 19). On that same date, plaintiff filed the first amended complaint. (Am. Compl., DE 18). Shortly after, on September 11, 2013, defendant sought a more definite statement, pursuant to Federal Rule of Civil Procedure 12(e), arguing plaintiff's statement in the first amended complaint regarding N.M.M.'s "rightful LRE" was so vague or ambiguous that defendant could not reasonably prepare a response. (DE 20). On September 17, 2013, plaintiff renewed her motion for joinder, again seeking review of the October 2012 Dismissal Order. (DE 22).

3

On October 10, 2013, defendant's motion for a more definite statement, as well as plaintiff's renewed motion for joinder, were referred to the magistrate judge for ruling.[1] On November 26, 2013, the magistrate judge denied defendant's motion for a more definite statement, holding defendant's concerns could be allayed through discovery. (DE 27). He also denied, without prejudice, plaintiff's renewed motion for joinder, because plaintiff failed to attach a proposed amended complaint to her motion.

On December 10, 2013, plaintiff filed a motion to amend her first amended complaint. (DE 32). On January 9, 2014, plaintiff's motion was referred to the magistrate judge. During the pendency of plaintiff's motion to amend, on December 27, 2013, the parties filed separate Rule 26(f) reports. Pursuant to Local Civil Rule 72.2, the parties' Rule 26(f) reports were referred to the magistrate judge for conduct of a hearing, pursuant to Federal Rule of Civil Procedure 16(b). On February 24, 2014, the magistrate judge entered case management order, after resolution of discrepancies between the parties' Rule 26(f) reports at hearing. (DE 45). In addition, the court *sua sponte* issued order governing the receipt of the administrative record consistent with Local Rule 5.1(a)(1) and as contemplated by 20 U.S.C. § 1415(i)(2)(C)(i), where plaintiff sought relief from adverse findings and decision of a state administrative proceeding under the IDEA. ("Administrative Record Order," DE 46).

In the Administrative Record Order, the court directed the North Carolina Department of Public Instruction to certify and transmit the administrative record associated with the July 2012, Order to the Clerk of Court by March 17, 2014. (Administrative Record Order, at 2). The court

---

[1]Plaintiff also filed a motion to amend or otherwise revise her reply to defendant's response to plaintiff's renewed motion for joinder, (DE 26), which was also referred to the magistrate for decision. The November 26, 2013, magistrate order allowed plaintiff's motion to amend or otherwise revise her reply. (DE 27).

4

directed the parties to file the same on the docket within seven days of the Department of Public Instruction's transmittal of the administrative record to the Clerk. (Id. at 3).

On March 14, 2014, over defendant's objection, the magistrate judge entered order granting plaintiff's motion for leave to amend her first amended complaint. (DE 48). Plaintiff's second amended complaint was filed the same day. (Second Am. Compl., DE 49). In her second amended complaint, plaintiff asserts multiple claims, summarized in pertinent part as follows:

Claim Paragraph 2:[2] defendant failed to follow specific goals set forth in N.M.M.'s 2011-12 IEP, and the ALJ conducting the hearing improperly excluded certain evidence tending to show the same;

Claim Paragraph 3: defendant did not allow certain assistive technologies, including an adaptive tricycle for N.M.M.'s physical therapy and assistive technologies beyond "two choices and a single big mac switch" for N.M.M.'s speech therapy;

Claim Paragraph 8: defendant humiliated plaintiff by providing N.M.M. a walker at the beginning of the 2012-13 school year and harmed N.M.M. by moving all her classmates to "typical" classrooms, but leaving her in a special needs setting;

Claim Paragraph 9: defendant failed to provide appropriate therapeutic services for N.M.M. at school;

Claim Paragraph 10: defendant retaliated against N.M.M. for plaintiff's 2011-12 administrative complaint;

---

[2]Plaintiff's claims are not individually set out. Rather, they are set out in paragraphs. A number of these paragraphs are not of consequence in the instant order, as they reflect claims that were previously dismissed. (See DE 17). Despite plaintiff's inclusion of these claims in her most recent complaint, plaintiff concedes that the court has dismissed these claims and she does not seek relief under them.

5

Claim Paragraph 13: defendant removed N.M.M. to a different elementary school during the 2013-14 school year; and

Claim Paragraph 14: defendant required N.M.M. to remain in an intellectually disabled class, even though her IEP called for placement in a "regular" class.

On March 24, 2014, the Clerk filed a certification from the North Carolina Department of Public Instruction regarding the administrative record for the July 2012 Order. (Certification Letter, DE 51).

On April 8, 2014, defendant filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendant contends this court lacks subject matter jurisdiction over a portion of Claim Paragraphs 2, 3, 8, 9, and 13, because plaintiff failed to exhaust her administrative remedies. Defendant contends Claim Paragraph 13 fails to state a claim upon which relief can be granted.

On April 25, 2014, defendant filed electronically a copy of the administrative record for the July 2012 Order. (DE 65-77). The record contains the transcript of an administrative hearing, conducted June 19 and 20, 2012; a copy of all exhibits admitted by plaintiff at that hearing; and the July 2012 Order. In the July 2012 Order, the ALJ discussed a number of complaints raised by plaintiff and ultimately granted an involuntary dismissal in defendant's favor, pursuant to North Carolina Rule of Civil Procedure 41(b), as plaintiff could show no right to relief on the facts and law presented. In addition, defendant filed, as part of the administrative record, decision of an independent state hearing review officer from North Carolina's Department of Public Instruction, affirming the July 2012 Order, (Order Affirming ALJ, DE 71); the official record from the North

6

Carolina Office of Administrative Hearings; and the official record before the Department of Public Instruction's independent review officer.

In addition to issues decided in the July 2012 Order, plaintiff's second amended complaint in this court contains claims related to the October 2012 Dismissal Order, which dismissed certain claims raised by plaintiff without prejudice on defendant's motion in the North Carolina Office of Administrative Hearings. (See October 2012 Dismissal Order).[3]

On April 30, 2014, the court referred defendant's motion to dismiss for M&R. M&R was entered on January 9, 2015. The M&R recommends granting in part defendant's motion to dismiss. In particular, the M&R recommends dismissing Claim Paragraph 8 for failure to exhaust administrative remedies, insofar as it relates to defendant's refusal to place N.M.M. in a different class room during the 2012-13 school year. The M&R, in addition, recommends dismissing Claim Paragraphs 9, 13, and 14 in their entirety for failure to exhaust, as well as dismissing plaintiff's requested resolution of compensation for therapeutic services provided by plaintiff to N.M.M.[4] The M&R recommends denying defendant's motion as to Claim Paragraphs 2 and 3, as well as Claim Paragraph 8, insofar as it relates to N.M.M.'s peers being moved into different classrooms.

Each party objected to the M&R. Specifically, defendant challenges the M&R's recommendation that certain portions of Claim Paragraphs 2, 3, and 8 may proceed, as it contends plaintiff failed to exhaust administrative remedies for those claims. Plaintiff, on the other hand,

---

[3]No administrative record regarding the October 2012 Dismissal Order has been ordered or filed, although plaintiff included a copy of the October 2012 Dismissal Order in pleadings regarding her motion for joinder in 2013. (See DE 22, 25).

[4]Although defendant moved to dismiss Claim Paragraph 13 pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted, the M&R does not address this ground. Rather, the M&R concludes, based on review of the administrative record, plaintiff failed to exhaust her administrative remedies only.

7

challenges the M&R's recommendation that this court dismiss the other portion of Claim Paragraph 8 addressing defendant's refusal to place N.M.M. in a different class room during the 2012-13 school year. Plaintiff also objects to the M&R's recommendation that Claim Paragraphs 13 and 14 be dismissed for failure to exhaust administrative remedies, where they contain retaliation claims.

**FACTUAL BACKGROUND**

The facts taken in the light most favorable to plaintiff, are as follows. N.M.M. was born in 2008 and has Schizencephaly and spastic quadriplegia. (Second Am. Compl. ¶¶1-2). From 2009 until July 2011, N.M.M. received both physical and occupational therapy through defendant's infant-toddler program. (See id. ¶¶3-8). At some point in early 2011, plaintiff filed a due process complaint[5] challenging specific failings in N.M.M.'s 2010-11 IEP related to deficiencies in her physical and occupational therapy treatment. (July 2012 Order, at 4; see also Second Am. Compl. ¶¶5-7). During the 2011-12 school year, N.M.M. transitioned between the infant-toddler program and an elementary school level program. (See July 2012 Order, at 3-4).

During the 2011-12 school year, plaintiff and defendant held three IEP meetings. (Second Am. Compl. ¶14). At these meetings, held in September 2011, as well as February and March 2012, plaintiff requested increased services, specifically an adaptive tricycle for N.M.M. (Id.). At IEP meeting held March 22, 2012, plaintiff was denied her requested increase in services, and was informed N.M.M. could not ride the tricycle and "it wasn't worth a fight" to teach N.M.M. to do so. (Id.). Accordingly, on May 3, 2012, plaintiff filed a due process complaint challenging N.M.M.'s

---

[5] The IDEA allows parents of a child with a disability to protect their rights secured by the statute by filing a complaint addressing "any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education." 20 U.S.C. § 1415(b)(6)(A). The statute goes on to state that either party must "provide due process complaint notice" in accordance with the statute. Id. § 1415(b)(7)(A). Thus, a "due process complaint" is in effect the pleading by which the state administrative process begins.

2011-12 IEP. Specifically, plaintiff contended defendant (1) violated N.M.M.'s right to an individualized plan, with specific failings accruing from deficiencies in N.M.M.'s physical, speech, and occupational therapy regimens, as well as access to assistive technology; (2) violated N.M.M.'s right to the least restrictive educational environment ("LRE"); (3) prevented plaintiff from reviewing and obtaining all records related to N.M.M.'s IEP; (4) prevented plaintiff from participating as a member of N.M.M.'s IEP "team"; and (5) retaliated against N.M.M. by refusing to lift a "stay put," or an order prohibiting movement between educational environments while plaintiff's early 2011 due process petition was pending on appeal. (DE 72, at 19-23; see also July 2012 Order, at 4).

On May 10, 2012, the parties held a resolution meeting to address plaintiff's May 3, 2012, due process complaint, but were unable to reach an agreement. (Second Am. Compl. ¶15). On June 19 and 20, 2012, the parties held a hearing before an ALJ. (Id. ¶¶18-19). In the July 2012 Order following the hearing, the ALJ noted that plaintiff characterized her dispute as involving two issues. First, plaintiff challenged whether defendant complied with the procedural provisions of the IDEA. (July 2012 Order, at 3). Second, plaintiff sought to demonstrate that N.M.M.'s IEP was not "individualized," and was therefore inappropriate. (Id.). In addition, according to the ALJ, plaintiff raised several other issues at the hearing. Those issues included: whether defendant had failed to provide a "smooth transition" between the infant-toddler program and the elementary school level program; failed to place N.M.M. in a regular education setting for the 2011-12 school year; failed to provide qualified personnel knowledgeable about N.M.M.'s disability; failed to develop measurable goals; failed to provide adaptive equipment and/or assistive technology; failed to allow plaintiff to participate as an IEP team member; failed to provide written notice of decisions; failed

9

to honor the stay-put status in the infant-toddler program; and failed to provide N.M.M. with access to the "speech hut" at her elementary school. (July 2012 Order, at 10-11).

In the July 2012 Order, the ALJ noted that at the hearing he declined to admit certain evidence. (July 2012 Order, at 10). With respect to each of plaintiff's claims, the ALJ found that plaintiff had failed to produce sufficient evidence and/or failed to meet her burden of proof, except plaintiff's failure to individualize N.M.M.'s 2011-12 IEP. (July 2012 Order, 10-12). With regard to that remaining claim, the ALJ determined that plaintiff had failed to adduce any credible testimony about defendant's purported failure to individualize N.M.M.'s 2011-12 IEP goals. (Id. at 12). The ALJ determined that plaintiff's own witnesses failed to provide support for plaintiff's claim. (Id.). The ALJ concluded that plaintiff failed to produce any evidence regarding the impropriety of N.M.M.'s 2011-12 IEP. (Id.). The ALJ entered an involuntary dismissal in favor of defendant pursuant to North Carolina Rule of Civil Procedure 41(b) for failure to adduce evidence showing a right to relief. (July 2012 Order); see also N.C. Gen. Stat. § 1A-1, Rule 41(b).

On August 10, 2012, plaintiff appealed the ALJ's decision to the North Carolina Department of Public Instruction. (Order Affirming ALJ, at 10). On September 5, 2012, the ALJ's decision was affirmed. (Id. at 16).

During the pendency of plaintiff's appeal, she initiated an additional due process proceeding on August 25, 2012. (Second Am. Compl. ¶27). Therein, plaintiff alleged defendant violated N.M.M.'s 2012-13 IEP by refusing to move her into a classroom with the LRE, specifically alleging defendant refused to modify the stay-put in effect due to plaintiff's pending appeal of the June 2012 administrative hearing. (Id.). On September 4, 2012, defendant filed a motion to dismiss the August 25, 2012, due process claim, arguing that the North Carolina Office of Administrative Hearings had

no jurisdiction over the case (Id. ¶35). On October 24, 2012, defendant's motion to dismiss was granted without prejudice. (October 2012 Dismissal Order). And on November 10, 2012, the Department of Public Instruction affirmed. (Second Am. Compl. ¶36).

## COURT'S DISCUSSION

A.      Standard of Review

A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction, and the plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendant. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Such a motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint. Adams, 697 F.2d at 1219. Under the former assertion, the moving party contends that the complaint "simply fails to allege facts upon which subject matter jurisdiction can be based." Id. In that case, "the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." Id. "[T]he facts alleged in the complaint are assumed true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009). When the defendant challenges the factual predicate of subject matter jurisdiction, a court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The nonmoving party "must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Id.

11

When plaintiff wishes to maintain a claim brought under the IDEA, exhaustion of administrative remedies is a prerequisite to the ability to maintain an action in federal court. See 20 U.S.C. § 1415(i)(2); MM *ex rel* DM v. Sch. Dist. of Greenville Cnty., 303 F.3d 523, 536 (4th Cir. 2002) ("[F]ailure of [plaintiffs] to exhaust their administrative remedies . . . deprives us of subject matter jurisdiction over those claims.") . Absent a failure to exhaust, the court only may exercise jurisdiction if (1) the process would have been futile; (2) the school board fails to provide notice of administrative rights; or (3) administrative exhaustion would work severe harm on the disabled child. Id. at 535-36.

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

B.   Analysis

   1.   Plaintiff's Objections

Plaintiff contends the magistrate erred in recommending the dismissal of Claim Paragraphs 8, 13, and 14 for failure to exhaust her administrative remedies. The court will address each claim in turn.

12

With respect to Claim Paragraph 8, plaintiff seeks to pursue her allegation that plaintiff was "humiliated when [defendant] put a brand new walker in [her] class." (Second Am. Compl., at 9).

Plaintiff, however, failed to exhaust her administrative remedies for this allegation contained in Claim Paragraph 8. Plaintiff concedes this issue has not been the subject of a due process challenge. (Id.). However, plaintiff contends that she does not need to file another due process complaint addressing this matter, given its close temporal proximity to May 3, 2012, due process complaint and the administrative proceeding culminating in September 2012.

Plaintiff's argument must fail. An issue may not be raised in the district court unless plaintiff is "aggrieved by the findings and decision made" in a state administrative hearing. 20 U.S.C. § 1415(i)(2). Thus, before the district court may hear a claim under the IDEA, there must be a decision on the merits at the state-level administrative proceeding. "The IDEA's exhaustion requirement serves the important purpose of allowing states to use their special expertise to resolve educational disputes." E.L. *ex rel* Lorsson v. Chapel Hill-Carrboro Bd. of Educ., 773 F.3d 509, 514-15 (4th Cir. 2014) (citing Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist. v. Rowley,.458 U.S. 176, 208 (1982)). This court lacks such expertise. See Rowley, 458 U.S. at 208. Here, because plaintiff's claim has not been the subject of an administrative hearing, she cannot be "aggrieved by the findings and decision" of the state administrative authority. Accordingly, this court is without jurisdiction to hear plaintiff's claim. See A.W. *ex rel* Wilson v. Fairfax Cnty. Sch. Bd., 548 F. Supp. 2d 219, 222 (E.D. Va. 2008) ("Parents of a disabled child may only file a suit in federal district court under the IDEA when the parents are aggrieved by a final administrative due process hearing decision.").

Nevertheless, plaintiff also contends that she was not required to exhaust her remedies because placement of the walker in N.M.M.'s classroom was retaliation for her May 3, 2012, due process complaint. Again, plaintiff seeks to circumvent the exhaustion requirement. As noted, there is no need to exhaust administrative remedies for a claim only when (1) the process would have been futile; (2) the school board fails to provide notice of administrative rights; or (3) administrative exhaustion would work severe harm on the disabled child. MM ex rel DM, 303 F.3d at 535-36.

In light of this precedent, plaintiff's argument is unavailing. When there is no recognized exception, plaintiff must exhaust administrative remedies before her claim may be heard in a district court. Id. at 536 (noting failure to exhaust deprives the court of subject matter jurisdiction, absent limited circumstances). In addition, although the Fourth Circuit has not addressed whether retaliation claims are exempt from the exhaustion requirement, other courts have addressed squarely plaintiff's contention, answering in the negative. See M.T. v. DeKalb Cnty. Sch. Dist., 446 F.3d 1153, 1158-59 (11th Cir. 2006); Rose v. Yeaw, 214 F.3d 206, 210 (1st Cir. 2000). The court finds this position persuasive in light of the purposes of administrative review provided by the IDEA. See Lorsson, 773 F.3d at 514-15. See generally 20 U.S.C. § 1415.

Plaintiff's citations to Malhotra v. Cotter & Co., 885 F.2d 1305 (7th Cir. 1989) and Glass v. Petro-Tex Chem. Corp., 757 F.2d 1554 (5th Cir. 1985), are not persuasive here. Both Malhotra and Glass are Title VII cases, and make no mention of the IDEA. See Malhotra, 885 F.2d at 1308; Glass, 757 F.2d at 1556. Moreover, the reasoning supporting Title VII's exhaustion of administrative remedies requirement renders analogy between the two statutes ineffectual. As the Fourth Circuit has noted, the primary purpose of Title VII's exhaustion requirement is "notice [to] and conciliation [with]" the defendant. Chacko v. Patuxent Inst., 429 F.3d 505, 510 (4th Cir. 2005).

14

However, as stated previously, the primary purpose of the exhaustion requirement implemented under the IDEA is to prevent district courts, without the necessary expertise, from passing judgment on decisions made by state education administrators.  See Lorsson, 773 F.3d at 514-15.

Plaintiff also objects to the recommendation that Claim Paragraph 13 be dismissed for failure to exhaust.  Claim Paragraph 13 challenges defendant's decision to move N.M.M. to a different elementary school in August 2013.  When a plaintiff seeks to challenge an IEP in court, he or she must exhaust administrative remedies for the academic year corresponding to the challenged IEP. MM *ex rel* DM, 303 F.3d at 536.  Here, plaintiff filed no due process challenge to N.M.M.'s 2013-14 IEP.  Plaintiff May 3, 2012, and August 25, 2012, administrative claims relate to the 2011-12 and 2012-13 school years respectively.  Thus, as plaintiff failed to file a due process challenge to N.M.M.'s 2013-14 IEP, this court has no jurisdiction over Claim Paragraph 13.  In addition, although plaintiff contends she was not required to exhaust her administrative remedies, where defendant's decision to move N.M.M. constitutes retaliation, as discussed above, the court does not find this position persuasive.

Plaintiff next objects to the recommendation that Claim Paragraph 14 be dismissed for failure to exhaust, as it also contains a retaliation claim.  Claim Paragraph 14 alleges that defendant placed N.M.M. in an intellectually disabled class under stay-put, even though N.M.M.'s "last IEP" required a regular class.  With regard to plaintiff's retaliation argument, as discussed above, plaintiff must exhaust her administrative remedies even in pursuing a retaliation claim.

Plaintiff failed to exhaust her administrative remedies with regard to Claim Paragraph 14. Plaintiff must exhaust her administrative remedies with respect to each challenged IEP and failure to do so divests this court of subject matter jurisdiction.  MM *ex rel* DM, 303 F.3d at 536.  Based

15

upon a review of the July 2012 Order and associated administrative record, the court concludes this argument was not raised at the hearing culminating in the July 2012, Order, contesting N.M.M.'s 2011-12 IEP. Further, based on documents submitted by plaintiff, it is evident that N.M.M.'s 2012-13 IEP required her to be in a developmentally disabled class. (See DE 25-5 (requesting N.M.M. be placed in a "regular" class for the 2012-13 school year)). Thus, Claim Paragraph 14 is a challenge to N.M.M.'s 2013-14 IEP. However, it is undisputed plaintiff has not sought administrative relief in regard to the 2013-14 IEP. Thus, plaintiff has failed to exhaust her administrative remedies.

In sum, plaintiff's objections are without merit. Plaintiff has failed to exhaust her administrative remedies related to Claim Paragraph 8's walker allegation, as well as Claim Paragraphs 13, and 14. Thus, this court is without jurisdiction to hear these claims.

2. Defendant's Objections

Defendant raises two objections to the M&R. Defendant first argues that Claim Paragraphs 2 and 3 should be dismissed in part, as certain allegations contained therein were not raised before the ALJ for decision in July 2012. Defendant next contends that the remaining portion of Claim Paragraph 8, specifically the "classmates moved" allegation, should be dismissed for the same reason.

With respect to Claim Paragraphs 2 and 3, defendant contends the M&R errs, where it recommends such claims not be dismissed, solely because plaintiff was allowed to ask questions on those topics during the June 2012, administrative hearing. The challenged portions of Claim Paragraphs 2 and 3 relate to defendant's failure to implement N.M.M.'s 2011-12 IEP. Specifically, Claim Paragraph 2 alleges defendant failed to follow certain goals outlined in N.M.M.'s IEP. Claim

16

Paragraph 3 alleges defendant did not implement N.M.M.'s IEP, where it refused to let N.M.M.'s speech therapy treatment move beyond "two choices and a single big mac switch."

As noted, an issue may not be raised in the district court unless plaintiff is "aggrieved by the findings and decision made" in a state administrative hearing. 20 U.S.C. § 1415(i)(2). This requirement allows "states to use their special expertise to resolve educational disputes," Lorsson, 773 F.3d at 514-15, in areas where the courts lack such expertise. See Rowley, 458 U.S. at 208. Accordingly, before this court may exercise jurisdiction over a claim brought under the IDEA, there must be both "findings and [a] decision" on that issue at the administrative level. See 20 U.S.C. § 1415(i)(2); Rowley, 458 U.S. at 208 (noting that the court's decision must give "due weight" to state administrative proceedings); see also M.E. *ex rel.* C.E. v. Buncome Cnty. Bd. of Educ., 72 F. App'x 940, 941-42 (4th Cir. 2003) (stating that "findings and decision" requires a final administrative decision on the issue presented); E.L. *ex rel.* G.L. v. Chapel Hill-Carrboro Bd. of Educ., 975 F. Supp. 2d 528, 534 (M.D.N.C. 2013) (same).

The challenged portions of Claim Paragraphs 2 and 3 must be dismissed as they relate to these specific allegations, because no findings were made, or decision rendered, on the issues presented. The ALJ's order provides a list of topics raised in addition to plaintiff's two primary claims of failure to individualize N.M.M.'s IEP and procedural violations that impacted N.M.M.'s education. (July 2012 Order, at 10). Among these topics are failure to provide "qualified personnel knowledgeable about [N.M.M.'s] disability," "failure to develop measurable goals," and "failure to provide adaptive equipment and/or assistive technology." None of these address defendant's putative failure to follow N.M.M.'s IEP, as alleged in Claim Paragraph 2. Nor do they address failure to

17

allow her to use more advanced technology, as alleged in Claim Paragraph 3, where the only issue before the ALJ related to N.M.M.'s ability to ride an adaptive tricycle.

The court cannot accept the magistrate judge's reasoning that an isolated line of questioning, without more, is sufficient to constitute exhaustion of administrative remedies. This reasoning would undermine the purpose of the exhaustion requirement, as it would allow this court to hear, for the first time, claims challenging the adequacy of defendant's educational services. As noted, this court is without the expertise necessary to undertake that endeavor. Thus, as there is no indication these issues were actually "decided" by the ALJ, the court is without jurisdiction to hear them.

Nevertheless, defendant's motion to dismiss does not address the entirety of Claim Paragraphs 2 and 3. In particular, Claim Paragraph 2 raises an evidentiary issue, properly raised and ruled upon by the ALJ, and asserted before the independent review officer. (Order Affirming ALJ, at 11). Claim Paragraph 3, in addition, contains allegations that plaintiff was humiliated by defendant's refusal to teach N.M.M. to ride an assistive tricycle. This issue was addressed by the ALJ and thus properly is before this court. (July 2012 Order, at 11). These claims may proceed.

Next, plaintiff's failure to exhaust administrative remedies also renders this court without jurisdiction to hear the remainder of Claim Paragraph 8. The portion of Claim Paragraph 8 at issue challenges defendant's decision to move N.M.M.'s classmates to "regular" educational settings, while leaving N.M.M. in a special classroom. Defendant contends plaintiff could not have exhausted her administrative remedies, because Claim Paragraph 8 arises out of plaintiff's August 25, 2012, due process complaint, which was never decided on the merits. Rather, plaintiff's August 25, 2012, due process complaint was dismissed "without prejudice."

18

Because plaintiff's August 25, 2012, due process complaint was dismissed, she has not been aggrieved by "findings" or "decisions" made on the merits of the claims contained within that complaint. See 20 U.S.C. § 1415(i)(2); E.L. *ex rel*. G.L., 975 F. Supp. 2d at 534; see also M.E. *ex rel.* C.E., 72 F. App'x at 941-42 (stating that "findings and decision" requires a final administrative decision "regarding the merits of [plaintiff's] claim"). However, plaintiff wishes to have the merits of the claims raised therein heard by this court. A dismissal without prejudice is not exhaustion of administrative remedies, as contemplated by the statute. Based on the text of the October 2012 Dismissal Order, the issue actually decided below was unrelated to plaintiff's substantive grievances. To permit review of the substance of this claim now would allow this court to hear, for the first time, the merits of plaintiff's claim without the benefit of an administrative record.

Therefore, defendant's motion to dismiss must be granted. Plaintiff failed to exhaust her administrative remedies with regard to the challenged portions of Claim Paragraphs 2 and 3 as well as the entirety of Claim Paragraphs 8, 9, 13, and 14, leaving this court without jurisdiction to hear them. Further, as Claim Paragraph 9 has been dismissed, plaintiff may not seek damages accruing from therapeutic services provided by plaintiff to N.M.M.

## CONCLUSION

Upon *de novo* review of those portions of the M&R to which specific objections were made, and upon considered review of the remainder thereof, the court REJECTS the M&R as it relates to portions of Claim Paragraphs 2, 3, and 8. However, the court ADOPTS the M&R in all other respects. Defendant's motion is therefore GRANTED. In accordance with the foregoing, Claim Paragraph 10, as well as portions of Claim Paragraphs 2 and 3 remain for decision. Where the deadlines in court's February 24, 2014, Case Management Order expired during the pendency of

19

defendant's motion to dismiss, the parties are DIRECTED to confer and report to the court within **21 days** what additional discovery, if any, will be necessary, and to propose new deadlines for case management moving forward.

SO ORDERED, this the 12th day of March, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge