| | | |
|---|---|---|
| ESTELLE SINGLETARY, *on behalf of* *N.M.M., a minor child,* | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | ORDER |
| CUMBERLAND COUNTY SCHOOLS, | ) ) ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion for summary judgment. (DE 92). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr., entered a memorandum and recommendation ("M&R") (DE 103), wherein it is recommended that defendant's motion be granted. No objections to the M&R have been filed, and the time within which to make any objection has expired. The matter is ripe for ruling. For the reasons that follow, the court adopts the M&R as its own and grants defendant's motion.

## BACKGROUND

On November 14, 2012, plaintiff, proceeding pro se, filed this action on behalf of N.M.M., a minor child with Schizencephaly and spastic quadriplegic cerebral palsy, under the Individuals with Disabilities Education Act (the "IDEA"), 20 U.S.C. §§ 1400 through 1482. Plaintiff requested relief from an adverse ruling in a contested case before the North Carolina Office of Administrative Hearings, as provided for by the IDEA. 20 U.S.C. § 1415(i). Plaintiff twice amended her complaint,

and on March 12, 2015, the court entered order dismissing in large part plaintiff's claims for lack of subject matter jurisdiction, where plaintiff failed to exhaust her administrative remedies. See Singletary v. Cumberland Cty. Schs., No. 5:12-CV-744-FL, 2015 WL 1125088 (E.D.N.C. Mar. 2, 2015).

Presently, plaintiff has three claims remaining for decision. First, plaintiff contends that the presiding administrative law judge ("ALJ") improperly excluded evidence of a June 22, 2011, meeting, the purpose of which was to establish N.M.M.'s individualized education plan ("IEP") for the 2011-12 school year, and from which plaintiff was wrongfully excluded ("Claim One"). Plaintiff contends that the ALJ's error resulted in an improper denial of her administrative claim. Second, plaintiff contends that N.M.M. did not receive a free appropriate public education (a "FAPE"), where defendant refused to provide her with an assistive tricycle ("Claim Two"). Third, plaintiff contends that defendant retaliated against N.M.M. during the 2012-13 school year, as a result of plaintiff's first administrative case ("Claim Three").

Each of plaintiff's claims arises out of one of two contested cases. On May 3, 2012, plaintiff filed an administrative complaint against defendant (the "first administrative case"). This complaint challenged N.M.M.'s 2011-12 IEP, as determined at the June 22, 2011, IEP meeting; it serves as the basis of Claim One and Claim Two. Plaintiff and defendant had a contested case hearing on the merits of the first administrative case on June 19 and 20, 2012. The ALJ decided the case in defendant's favor by order entered July 2012. Plaintiff appealed the ALJ's decision to the North Carolina Department of Public Instruction, which, through a state review officer ("SRO"), affirmed the ALJ on September 5, 2012.

2

Claim Three is grounded in a second administrative complaint filed August 25, 2012 (the "second administrative case"). On October 24, 2012, an ALJ dismissed without prejudice the second administrative case on defendant's motion. The North Carolina Department of Public Instruction, again through an SRO, affirmed on November 10, 2012.

Defendant filed its motion for summary judgment on May 20, 2015, and the court referred defendant's motion for M&R on August 11, 2015. M&R entered on February 12, 2016.

## COURT'S DISCUSSION

A.      Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). "When a party files a motion for summary judgment challenging a state administrative ruling under the IDEA, the motion may more aptly be described as a motion for summary adjudication." Cone v. Randolph Cty. Schs. Bd. of Educ., 657 F. Supp.

3

2d 667, 673 (M.D.N.C. 2009) (citing <u>Hanson</u> *ex rel.* <u>Hanson v. Smith</u>, 212 F. Supp. 2d 474, 480 (D. Md. 2002)) (internal alterations and quotations omitted). In reviewing the factual findings of an administrative decision, the court must make its own determinations by a preponderance of the evidence. 20 U.S.C. § 1415(i)(2)(C)(iii); <u>J.P.</u> *ex rel.* <u>Peterson v. Cty. Sch. Bd.</u>, 516 F.3d 254, 258–59 (4th Cir. 2008). However, the court also must "receive the records of the administrative proceedings," § 1415(i)(2)(C)(i), and must give those proceedings "due weight." <u>Peterson</u>, 516 F.3d at 259. Thus, the court conducts a modified de novo review and assumes that the findings of fact made in the administrative proceeding are prima facie correct. <u>O.S. v. Fairfax Cty. Sch. Bd.</u>, 804 F.3d 354, 360 (4th Cir. 2015); <u>Peterson</u>, 516 F.3d at 259.

When administrative proceedings are two-tiered, as they are in North Carolina, and "the Hearing Officer and Reviewing Officer have reached the same conclusion, a reviewing court is obliged to accord greater deference to their findings." <u>G</u> *ex rel.* <u>RG v. Fort Bragg Dependent Schs.</u>, 343 F.3d 295, 302–03 (4th Cir. 2003). The district court never should "substitute [its] own notions of sound educational policy for those of the school authorities which [it] review[s]." <u>Hartmann</u> *ex rel.* <u>Hartmann v. Loudoun Cty. Bd. of Educ.</u>, 118 F.3d 996, 999 (4th Cir. 1997). Finally, the party challenging the administrative ruling bears the burden of proof. <u>Barnett</u> *ex rel.* <u>Barnett v. Fairfax Cty. Sch. Bd.</u>, 927 F.2d 146, 152 (4th Cir. 1991).

B.      Analysis

The court addresses the M&R's recommendations as to each of plaintiff's claims seriatim.

1.      Claim One

The M&R recommends granting defendant's motion for summary judgment as to Claim One on the doctrine of res judicata. With no objections received, the court perceives no clear error in this recommendation.

Claim One alleges that the ALJ erred in excluding, and thus not considering as a basis for plaintiff's first administrative case, evidence that plaintiff was excluded from N.M.M.'s June 22, 2011, IEP meeting. Plaintiff alleges that her exclusion from that meeting resulted in denial of a FAPE to N.M.M. during the 2011-12 school year. See MM *ex rel.* DM v. Sch. Dist., 303 F.3d 523, 527 (4th Cir. 2002) ("The IEP must therefore be prepared by an IEP Team, which consists of a representative of the school district, the child's teacher, the parents or guardian and, where appropriate, the child herself.") (citing 20 U.S.C. § 1414(d)(1)(B)). However, following plaintiff's exclusion from the June 22, 2011, IEP meeting, on June 23, 2011, plaintiff filed an administrative complaint challenging her exclusion. On June 29, 2011, the parties entered into a settlement agreement, where plaintiff agreed to dismiss with prejudice her administrative complaint in exchange for certain increased services. (Hr'g Tr. Vol. 1, DE 65, 38–42).

Claim One is barred by the doctrine of res judicata. Under North Carolina law, "a final judgment on the merits in one action precludes a second suit based on the same cause of action between the same parties or their privies." Whitacre P'Ship v. Biosignia, Inc., 358 N.C. 1, 15 (2004). "The doctrine prevents the relitigation of all matters that were or should have been adjudicated in the prior action." Id. (internal quotations and alterations omitted). "A dismissal with

prejudice is an adjudication on the merits and has res judicata implications." <u>Caswell Realty Assocs.</u> <u>I, L.P. v. Andrews Co.</u>, 128 N.C. App. 716, 720 (1998). Here, plaintiff previously dismissed with prejudice her claim against defendant arising out of her alleged exclusion from N.M.M.'s June 22, 2011, IEP meeting.[1] Accordingly, there is no clear error in the M&R's recommendation that Claim One is barred under the doctrine of res judicata.

    2.    Claim Two

The M&R recommends granting defendant's motion for summary judgment as to Claim Two. The court perceives no clear error in this recommendation.

Claim Two challenges defendant's failure to include in N.M.M.'s 2011-12 IEP the goal that she be taught to ride an assistive tricycle. Plaintiff contends defendant improperly excluded that goal, in light of N.M.M.'s physical capabilities, and said exclusion constituted denial of a FAPE.

A FAPE "consists of educational instruction specially designed to meet the unique needs of the handicapped child, supported by such services as are necessary to permit the child to benefit from the instruction." <u>Sumter Cty. Sch. Dist. 17 v. Heffernan</u> <u>*ex rel.*</u> <u>TH</u>, 642 F.3d 478, 483 (4th Cir. 2011). The court must "afford great deference to the judgment of education professionals in implementing the IDEA." <u>O.S.</u>, 804 F.3d at 360. Here, there is no clear error in the M&R's conclusion that N.M.M. would not have benefitted from use of an adaptive tricycle and that such a goal would have not met N.M.M.'s "unique needs." The M&R correctly notes that, the evidence introduced at hearing, which included the testimony of several physical therapists who worked directly with N.M.M., belies plaintiff's contention that riding a tricycle was an appropriate goal for N.M.M. For example, Julie Aul, a licensed physical therapist and director of defendant's

---

[1] The result is no different under federal law. <u>See</u> <u>United States</u> *ex rel.* <u>May v. Purdue Pharma L.P.</u>, 737 F.3d 908, 912 (4th Cir. 2013).

exceptional children department, testified that N.M.M. lacked the necessary head and trunk control to be functional on a tricycle. In addition, Aul testified that adaptive tricycle training would interfere with N.M.M.'s progress toward dynamic sitting. Based on Aul's experience and the content of her testimony, as well as all the other evidence of record, the M&R did not clearly err.

  3.  Claim Three

  The M&R recommends the court dismiss Claim Three for failure to exhaust administrative remedies. The court perceives no clear error in the M&R's recommendation.

  Claim Three alleges that defendant retaliated against N.M.M. as a result of the first administrative case, with such retaliation occurring during the 2012-13 school year. Plaintiff's retaliation claim was included as part of plaintiff's second administrative case. That complaint was dismissed without prejudice by the ALJ. The ALJ's dismissal was affirmed by the SRO.

  As the M&R noted, this court previously held that retaliation claims must be administratively exhausted prior to being brought in federal court. See Singletary, 2015 WL 1125088, at *7–8. Further, the court previously determined that plaintiff has not exhausted her administrative remedies with respect to her second administrative case. Id. at *10. Accordingly, where plaintiff has not presented Claim Three for administrative decision, this court lacks jurisdiction over plaintiff's claim and it must be dismissed. Thus, the court perceives no clear error in the magistrate's recommendation.

**CONCLUSION**

Based on the foregoing, upon considered review of the M&R (DE 103), the court ADOPTS the M&R as its own. Defendant's motion for summary judgment (DE 92) is GRANTED as to Claim One and Claim Two. In addition, the court lacks jurisdiction over Claim Three and it also must be DISMISSED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 14th day of March, 2016.

LOUISE W. FLANAGAN
United States District Judge